Filed 1/11/21  P. v. Young CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WESLEY IRA YOUNG,<br><br>    Defendant and Appellant. | G057741<br><br>(Super. Ct. No. RIF106722)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

In 2006, appellant Wesley Ira Young was convicted of special circumstance murder and other crimes stemming from a gang-related shooting. In 2019, he petitioned for relief pursuant to Senate Bill No. 1437 (SB 1437), which retroactively restricted the scope of vicarious liability for the crime of murder. Appellant sought resentencing on the basis his conduct did not constitute murder as redefined by SB 1437. However, the trial court summarily denied his petition in light of the jury's true finding on the special circumstance allegation. Because that finding required the jury to conclude appellant acted with the intent to kill, the trial court determined appellant was ineligible for resentencing under SB 1437. Appellant contends the trial court's ruling was erroneous, and we agree. As explained below, the jury's finding appellant acted with the intent to kill did not establish, in and of itself, he was ineligible for resentencing. Therefore, we reverse the trial court's order and remand the matter for further proceedings on appellant's petition.

FACTUAL AND PROCEDURAL BACKGROUND

A detailed recitation of the underlying facts is set forth in the two prior opinions we have written in this case. (See *People v. Scott, et al.* (Mar. 30, 2009, G040888) [nonpub. opn.] (*Young I*) and *People v. Young* (Mar. 8, 2018, G040888) [nonpub. opn.] (*Young II*).) In short, appellant and several other members of his gang went to a party in Corona to exact revenge on Bryan Williams for a prior incident.[1] They started by attacking Williams in the garage and beating him up. Then, when the host of the party intervened and broke up the attack, three members of appellant's group pulled out guns and started shooting. One of the shots struck and killed party guest Daveon Lee.

Appellant and two other members of his group (Tavares Scott and Mario Gray) were charged with first degree premeditated murder, attempted premeditated murder and shooting at an inhabited dwelling. (Pen. Code, §§ 187, subd. (a), 189, subd.

---

[1] In *Young II*, we mistakenly identified Cedric Brewer as the person appellant's gang was after, when it was actually Williams.

2

(a), 664, subd. (a), 246.)[2] The prosecution also alleged a special circumstance that the murder was committed to further the activities of a criminal street gang. (§ 190.2, subd. (a)(22).) And, it alleged as sentence enhancements that defendants acted for the benefit of such a gang and vicariously discharged a firearm causing death or great bodily injury. (§§ 186.22, subd. (b), 12022.53, subds. (d), (e).)

During closing argument, the prosecutor asserted that because a witness had implicated appellant as one of the shooters, the jury could find appellant guilty on the basis he was the person who shot Lee. However, the prosecutor conceded the evidence was inconclusive as to who actually killed Lee, and therefore he relied primary on aiding and abetting principles in arguing appellant's guilt. He theorized appellant was vicariously liable for murder because he 1) directly aided and abetted Lee's murder, and/or 2) the murder was a natural and probable consequence of the planned attack on Williams.

With respect to the special circumstance allegation, the trial court instructed the jury per CALCRIM No. 702. That instruction informed the jury, "In order to prove [the special circumstance allegation] for a defendant who is not the actual killer but who is guilty of first-degree murder as an aider and abettor . . . , the People must prove that the defendant acted with the intent to kill."

In the end, the jury convicted appellant as charged, and he was sentenced to life in prison without parole. On appeal, appellant challenged the jury's true finding on the special circumstance allegation. He argued that with respect to accomplices, the gang special circumstance could only be applied if the defendant directly aided and abetted the murder, not if his murder liability stemmed from the natural and probable consequences doctrine. However, we rejected that argument for lack of authority and because it was not supported by the text of the special circumstance statute. (*Young I, supra*, at pp. 22-

---

[2] All further statutory references are to the Penal Code.

24.) We also determined there was sufficient evidence to support the defendants' murder convictions under the natural and probable consequences doctrine. (*Id*. at pp. 15-20.)

After the California Supreme Court denied review of our opinion in *Young I*, we granted appellant's request to recall the remittitur to consider what effect, if any, the Supreme Court's decision in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*) had on his case. *Chiu* held an aider and abettor may not be convicted of first degree premeditated murder unless he personally acted with premeditation. (*Id*. at pp. 166-167.) Appellant argued *Chiu* compelled reversal of his conviction for first degree premeditated murder because the record was unclear as to whether the jury convicted him as a direct aider and abettor, or under the natural and probable consequences doctrine. In fact, the jury instructions were worded such that no matter which theory of aiding and abetting it relied on, the jury could only convict appellant of first degree premeditated murder if it found he acted willfully, deliberately and with premeditation. (*Young II, supra*, at pp. 4-7.) Therefore, we found no *Chiu* error and again affirmed the judgment. (*Ibid*.)

Following the passage of SB 1437 in 2018, appellant petitioned to have his murder conviction vacated and to be resentenced on the remaining counts. The prosecution filed opposition papers, and the trial court appointed counsel for appellant at the hearing on the petition. However, as it turned out, the hearing was very brief. The court determined that because the jury's true finding on the special circumstance allegation proved appellant acted with the intent to kill, he was ineligible for resentencing under SB 1437. The court thus denied his petition without any further examination of the issue.

DISCUSSION

Appellant contends it was error for the trial court to deny his petition in such summary fashion. He asks that we reverse the court's decision and remand the matter for further proceedings to determine his eligibility for resentencing. We find his claims to be well taken.

4

SB 1437 changed the substantive law of murder in two respects. First, it restricted the felony murder rule by amending section 189. As amended, that section provides a person is liable for murder for a death occurring during the commission of an enumerated felony only if "(1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e).)

Secondly, SB 1437 abolished the natural and probable consequences doctrine in murder cases by adding an important limitation to section 188, which defines malice for purposes of murder. Section 188 now provides that, except when the felony murder rule applies, "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

As a procedural matter, SB 1437 also added section 1170.95 to the Penal Code. "Section 1170.95 permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if the following conditions are met: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of [the] changes to [s]ection 188 or 189 made effective January 1, 2019.' [Citation.]

"If the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause and, absent a waiver and stipulation by the parties, hold a hearing to determine whether to vacate the murder conviction, recall the

5

sentence, and resentence the petitioner. [Citation.] At the resentencing hearing, the parties may rely on the record of conviction or offer new or additional evidence, and the prosecution bears the burden of proving beyond a reasonable doubt the petitioner is ineligible for resentencing. [Citation.]" (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 249.)

The issue here is whether appellant made a prima facie showing such that the trial court was required to issue an order to show cause and conduct an evidentiary hearing to determine whether he is entitled to resentencing. As appellant alleged in his petition, and as the record of conviction plainly shows, one of the theories the prosecution relied on at trial in convicting him of first degree murder was the natural and probable consequence theory. In fact, we specifically upheld the validity of that theory in *Young I*. Nevertheless, the trial court determined appellant was ineligible for relief under section 1170.95 in light of the jury's true finding on the special circumstance allegation. Because that finding established appellant acted with the intent to kill, the trial court believed appellant could still be convicted of murder under the new rules ushered in by SB 1437, and therefore he was not eligible for resentencing. The parties disagree about whether that ruling was correct.

The Attorney General contends it was. Given that the jury found appellant acted with the intent to kill, as evidenced by its true finding on the special circumstance allegation, the Attorney General asserts appellant would still be liable for felony murder under the amended version of section 189, subdivision (e)(2), thereby defeating his claim for resentencing. However, appellant was not prosecuted under the felony murder rule, and there is no evidence he committed any of the predicate felonies listed in the statute, such as rape or robbery. (See *People v. Duke* (2020) 55 Cal.App.5th 113, 121-122 [trial court erred in rejecting the defendant's SB 1437 petition based on the felony murder rule because that rule was not invoked or proven at his trial].)

6

Moreover, section 189, subdivision (e)(2), as amended, requires both the intent to kill *plus* proof that the defendant actively assisted the killer in the commission of the murder, in order to trigger liability under the felony murder rule. The jury's true finding on the special circumstance allegation satisfied the first requirement, but not the second. Therefore, contrary to the Attorney General's belief, the felony murder rule is not a legitimate basis for denying appellant's petition.

We hasten to add, however, that irrespective of the felony murder rule, a defendant who was convicted of murder for directly aided and abetting that offense is ineligible for resentencing under section 1170.95. Relief is precluded in that situation because liability stems from the defendant's own mental state; it is not dependent on imputed malice under the felony murder rule or the natural and probable consequences doctrine. (See *Chiu, supra*, 59 Cal.4th at p. 167 [a direct aider and abettor "acts with the mens rea required for first degree murder"]; *People v. McCoy* (2001) 25 Cal.4th 1111, 1118 [a direct aider and abettor must necessarily "know and share the murderous intent of the actual perpetrator"].)

Still, to convict a defendant for first degree murder under the theory of direct aiding and abetting, the prosecution must prove more than just murderous intent. In addition to proving the defendant harbored the intent to kill, the prosecution must also show the defendant's words or conduct did in fact encourage or assist the perpetrator's commission of the murder. (See *People v. Stevenson* (2018) 25 Cal.App.5th 974, 981, fn. 4; CALCRIM No. 401.)

In this case, the jury's true finding on the special circumstance allegation did not prove this crucial additional requirement. Rather, it only satisfied the intent requirement for aiding and abetting a murder. Similarly, the jury's finding appellant acted with premeditation, which elevated the murder to first degree, did not shed any light on whether appellant actually encouraged or assisted the perpetrator in carrying out the murder. Thus, the jury's findings do not prove appellant was convicted under the

theory of direct aiding and abetting. Since appellant could have been convicted under the natural and probable consequences theory, a theory of liability the prosecution invoked at trial but has since been abrogated by SB 1437, it was error for the trial court to summarily deny his petition for resentencing.

That is not to say appellant is entitled to relief under SB 1437. All we are saying is that the trial court should have issued an order to show cause and, absent a waiver and stipulation by the parties, ordered a hearing to allow the prosecution to prove beyond a reasonable doubt that, notwithstanding its reliance on the now-defunct theory of natural and probable consequences, appellant is ineligible for resentencing because he either directly aided and abetted Lee's murder, or he killed Lee himself. (§ 1170.95, subds. (a)(3), (d)(3); see, e.g., *People v. Duke, supra*, 55 Cal.App.5th at pp. 122-124 [defendant's petition for resentencing properly denied where the evidence established he directly aided and abetted the murder]; *People v. Bentley* (2020) 55 Cal.App.5th 150 [same].) Absent such proof, the trial court must grant appellant's petition and resentence him in accordance with section 1170.95.

One final note regarding the scope of the proceedings on remand. Relying on *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*), review granted June 24, 2020, S262011, appellant contends section 1170.95 grants him the right to relitigate the sufficiency of the evidence to support the prosecution's theory of direct aiding and abetting. But in *Torres*, the defendant's eligibility for resentencing turned on a requirement of the felony murder rule that had changed independently of section 1170.95 since the time he was convicted. (See *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, which clarified the meaning of the terms "major participant" and "reckless indifference to human life" for purposes of the felony murder rule.) Under those circumstances, the trial court was required to examine the record to determine whether it contained sufficient evidence to satisfy the new standard, in order to

determine the defendant's eligibility for resentencing.  (*Torres, supra*, 46 Cal.App.5th at pp. 1178-1180.)

In contrast to the evolution of law respecting the felony murder rule, the standard for direct aiding and abetting the crime of murder has not changed since the time appellant was convicted.  Therefore, he is not entitled to relitigate the sufficiency of the evidence regarding that theory on remand.  (*People v. Larios* (2019) 42 Cal.App.5th 956, 963, rev. granted Feb. 26, 2020, S259983.)  However, at the hearing to decide appellant's eligibility for resentencing, the parties "may rely on the record of conviction or offer new or additional evidence" to support their respective positions.  (§ 1170.95, subd. (d)(3).)

## DISPOSTION

The trial court's order denying appellant's petition for resentencing is reversed, and the matter is remanded for further proceedings not inconsistent with this opinion.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ARONSON, J.

9